The State of Maryland use of A. Beall *vs.* H. L. Harrison.—1837.

———————

THE STATE OF MARYLAND, USE OF A. BEALL, *vs.* HENRY L. HARRISON AND OTHERS.—*June*, 1837.

The principle is well settled, that the judgments of an inferior jurisdiction will not be reversed, except for errors apparent, and that they will be sustained by every fair legal intendment, in favour of their correctness. Upon the demurrer to the plea of a special *non est factum*, filed in an action on a sheriff's bond, stating as the ground of such plea, that it was executed, and attested on the 18th of January, 1832, it was *held*, that although the bond had not been taken within the time limited by the act of 1794, ch. 54, sec. 8, as the bond of the sheriff *first* returned to the executive, according to the provisions of the constitution; yet that it might have been legally executed, and attested, as the bond of the *second* so returned, given upon the occurrence of either of the events provided for by the constitution of the state. And that therefore, as it may have been legally executed and attested, consistently with all the averments of the defendants' plea, the plaintiff's demurrer thereto ought to have been sustained.

APPEAL from *Calvert* county court.

This was an action of *debt*, instituted on the 21st day of September, 1833, and was founded on a bond bearing date the 18th January, 1832, sealed by the said *H. L. Harrison, William Graham,* and *James Harrison,* conditioned for the performance of the duties by *H. L. Harrison,* of the sheriff of *Calvert* county.

The bond was endorsed "securities approved, *Joseph W. Reynolds, John Beckett,*" and recorded in the office of the clerk of the county court, on the 20th January, 1832.

The plaintiff assigned his breaches in the declaration, and the defendants pleaded a special *non est factum :* to this plea there was a demurrer, which was overruled by the county court, (*Kilgour* and *Wilkinson, A. J's.*)   The questions involved in the pleadings appear in the opinion of the court.

The appeal was taken by the plaintiff below, and the cause argued here before STEPHEN, ARCHER, DORSEY, and CHAMBERS, Judges.

PINKNEY, for the appellant, contended :.

That the judgment of the county court ought to be reversed :

1. Because the validity of a sheriff's bond does not depend on the attestation thereof by the judges or justices of the Orphans' court approving the same, or upon a strict and literal compliance with the form of the statutes of 1794 and 1805.

2. Because the provisions of those acts, are only directory, and to secure the execution of the bond by the parties intended to be bound thereby ; and in this case the plea of the defendants admits the execution of the bond, and therefore proof of a compliance with those acts is unnecessary.

3. Because, although the bond was executed after the 1st January, 1832, yet it is binding on the defendants, as the said act of assembly do not declare bonds taken after that day to be null and void, and because in this respect also the said acts are directory only.

4. Because the date of the bond is not relied on in the plea as a defect therein, or as a ground of non-suit, and therefore this court cannot decide upon that objection if now taken by the appellee.

5. Because if the bond for any cause is invalid as a statutory bond, it is nevertheless binding on the parties in this action as a bond at common law, being their own voluntary act.

He cited *Chandler vs. Smith, Mass. Rep.* 9 *Cranch,* 28. 11 *Wheat.* 184. 8 *Mass.* 149. 3 *Call.* 452. *Act of* 1831, *ch.* 9.

No counsel appeared for the appellee.

STEPHEN, Judge, delivered the opinion of the court.

We think that there is error in the judgment of the court below in this case, and that the same ought to be reversed. The action was instituted on the official bond of the appellee, *Henry L. Harrison,* against him, and his sureties, as sheriff of *Calvert* county by the appellant, *Beall,* for the recovery of certain fees due him as clerk of *Prince George's* county court, and placed in the hands of the appellee, as sheriff, for collection. The defendants after praying for and obtaining *oyer* of the bond, put in a plea of *non est factum,* specially stating as the ground of such plea, that the execution of the bond was not attested according to law, that is to say, that it was executed and attested on the 18th day of January, in the year 1832. To this plea the plaintiff demurred generally, and the defendants joined in demurrer. The county court decided the plea to be good, and overruled the demurrer, and the question now to be decided is, whether the judgment of the court below upon that state of the pleadings was correct, and ought to be sustained. The principle is well settled, that the judgment of an inferior jurisdiction will not be reversed except for errors apparent, and that they will be sustained by every fair legal intendment in favour of their correctness. By the constitution of this state it is provided

that, sheriffs shall be elected in each county by ballot, every third year; that is to say, two persons for the office of sheriff for each county, the one of whom having the majority of votes, or if both have an equal number, either of them, at the discretion of the governor, to be commissioned by the governor, for the said office, and having served for three years, such person shall be ineligible for the four years next succeeding; bond with security to be taken every year as usual; and no sheriff shall be qualified to act before the same is given.   In case of death, refusal, resignation, disqualification, or removal out of the county before the expiration of the three years, the other person chosen as aforesaid shall be commissioned by the governor to execute the said office for the residue of the said three years, the said person giving bond with security as aforesaid.   By the act of 1794, ch. 54, sec. 8, it is enacted, that the sheriffs' bonds "shall be taken on some day between the eighth day of October, and the first day of January in each year," and by the act of 1797, ch. 91, it is enacted, " That upon the death, resignation, refusal, or disqualification of any sheriff, the person appointed to succeed him, shall give bond in the manner prescribed by law, within sixty days from the date of his commission."   Although then, this bond has not been taken within the time limited by the act of 1794, as the bond of the sheriff first returned to the executive as duly elected according to the provisions of the constitution, yet from any thing appearing on the pleadings in this cause, it may in all respects have been legally executed, and attested as the bond of the second, so returned, given upon the occurrence of either of the events provided for by the constitution of the state.   As therefore it may have been legally executed by *Henry L. Harrison* as the sheriff of *Calvert* county and legally attested in perfect consistency with every averment and allegation contained in the defendants' plea, and therefore be a good and valid bond, we think that the plaintiff's demurrer thereto ought to have been sustained by the court below, and that their judgment should be reversed.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.